UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

BREEZY SWIMWEAR, INC.,

     Plaintiff,

       vs.

CHRISTOPHER MAURICE BROWN,
LIVE NATION ENTERTAINMENT,
INC., MERCH TRAFFIC LLC, and
SHOPIFY INC.

     Defendants.

_____/

## COMPLAINT

**Trademark Infringement; False Designation of Origin; and
Florida Common-Law Infringement & Unfair Competition**

Plaintiff, BREEZY SWIMWEAR, INC. ("Breezy Swim"), through counsel, sues

Defendants CHRISTOPHER MAURICE BROWN ("Chris Brown"), LIVE NATION

ENTERTAINMENT, INC., ("Live Nation"), MERCH TRAFFIC, LLC ("Merch Traffic"),

and SHOPIFY INC. ("Shopify") (collectively, "Defendants"), and states:

### INTRODUCTION

1.     This trademark action seeks to stop Defendants' junior "Breezy Bowl"

swim line and "Breezy Bowl XX" global tour from eclipsing the goodwill of Breezy Swim,

a Miami women-empowerment label whose registered slogan is "Every Body is a Bikini

Body." Since 2018, Breezy Swim has sold Breezy-branded swimwear worldwide, and

since 2023, staged the Breezy Bowl—an open-call show that welcomes models of every

shape, size, age, and experience level. Defendants' later, copy-cat branding creates reverse

confusion that endangers that identity, warranting injunctive and monetary relief under the Lanham Act and Florida law.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121 because the action arises under the Lanham Act.

3.      Supplemental jurisdiction exists over the state-law claims under 28 U.S.C. § 1367.

4.      Personal jurisdiction and venue are proper in this District because Defendants have promoted, offered for sale, and sold the accused products in Florida, including in Miami-Dade County, and because a substantial part of the events giving rise to the claims occurred here. 28 U.S.C. § 1391; Local Rule 3.1, S.D. Fla.

## PARTIES

5.      Plaintiff Breezy Swimwear, Inc., is a Delaware corporation with its principal place of business in Miami, Florida.

6.      Defendant Christopher Maurice Brown is an individual who, upon information and belief, resides in California and conducts business nationwide, including in Florida, under the moniker "Chris Brown" (his nickname is "Breezy").

7.      Defendant Live Nation Entertainment, Inc. is a Delaware corporation with its principal place of business at 9348 Civic Center Drive, Beverly Hills, California, 90210. As tour promoter and ticketing agent for the 2025 "Breezy Bowl XX" world tour, Live Nation markets and sells tickets and VIP packages bearing the challenged "Breezy Bowl" mark—including the July 30, 2025 Miami show—through Ticketmaster and affiliated outlets nationwide. Live Nation also owns an equity stake in LIV Nightclub in

Miami, Florida (i.e., the same venue which hosted the previous Breezy Bowl in 2024). By promoting, offering, and selling those tickets to Florida consumers, Live Nation transacts substantial business in this district and is subject to personal jurisdiction here.

8.      Defendant Merch Traffic, LLC is a Delaware limited-liability company whose principal place of business at 129 West 29th Street, 11th Floor, New York, NY 10001. Merch Traffic designs, manufactures, markets, distributes, and fulfills official Chris Brown merchandise—including the "Breezy Bowl" swimwear and related apparel that give rise to this action.

9.      Defendant Shopify Inc. is a Canadian corporation whose principal executive offices are located at 151 O'Connor Street, Ground Floor, Ottawa, Ontario K2P 2L8, Canada, and which also maintains a U.S. office at 148 Lafayette Street, New York, NY 10012. Shopify operates the e-commerce platform and payment gateway that hosts and processes the *shopchrisbrown.store* site from which the infringing "Breezy Bowl" merchandise is sold. Despite receiving Plaintiff's written takedown demands, Shopify has continued to supply these products, thereby materially facilitating and profiting from the alleged infringement. Accordingly, Shopify transacts substantial business in—and purposefully directs its conduct toward—this District, making it subject to personal jurisdiction here.

## STATEMENT OF FACTS

### Plaintiff's Prior Use of "Breezy" on Swimwear

10.      Breezy Swim first placed women's bikinis and one-piece swimsuits bearing the Breezy mark into United States commerce in June 2018. Photographs of 2018 hang-tags, sewn-in labels, packaging, and archived Shopify pages authenticate this first use.

  

11.     Since 2018, Breezy Swim has generated millions of dollars in online revenue, and services thousands of customers worldwide—in all fifty U.S. states, and over 100 countries.

12.     Upon information and belief, Defendants did not offer any swimwear bearing "Breezy," "Team Breezy," or "Breezy Bowl" until mid-2024.

**Creation and History of the Breezy Bowl Event**

13.     Breezy Swim created and produced the first "Breezy Bowl" in Miami, Florida to give more women the opportunity to model—addressing the limited casting opportunities that existed within the world-renowned Miami Swim Week. Breezy Swim publicly announced the "Breezy Bowl" concept on May 5, 2025, via its @breezybowl Instagram account.

14.     Breezy Swim has staged exactly two Breezy Bowl shows. The first Breezy Bowl was held on July 9, 2023, at Island Gardens in Miami, Florida; the second Breezy Bowl was held on July 21, 2024, at Liv Nightclub in Miami, Florida.





15.     The third Breezy Bowl is set for April 19, 2026.

**Defendants' Adoption of Confusingly Similar Marks**

16.     In October 2024, Chris Brown announced a world tour branded "BREEZY

BOWL XX," with a United States launch date of July 30, 2025—in Miami, Florida.

17.     Through Merch Traffic and Shopify, Defendants launched the "BREEZY Bowl XX" Collection, including: "Team Breezy Playmaker" bikinis and "BREEZY BOWL PLAYBOOK" one-piece swimwear.





18.     Upon information and belief, Defendants' first "Team Breezy" swimwear launch occurred in mid-2024, well after Breezy's 2018 debut.

19.      Upon information and belief, Defendants did not publicly adopt the phrase "Breezy Bowl" prior to Chris Brown's 2024 "Breezy Bowl XX" world-stadium tour announcement.

20.     Defendants never sought nor obtained permission from Breezy Swim to use "Breezy," "Breezy Bowl," or any confusingly similar mark.

**Likelihood of Consumer Confusion**

21.     The marks share the identical dominant term "Breezy," and "Breezy Bowl," and both parties sell swimwear online to worldwide consumers.

22.     Google results for "Breezy Bowl" return Plaintiff's runway show and Brown's tour side-by-side.



23.     Social-media users have already expressed confusion, asking whether Chris Brown will attend Breezy's fashion show, and equating "Breezy Bowl" with swimwear.

24.     Compounding the overlap, Brown's tour advertises its official "Breezy Bowl" after-party at LIV Nightclub—the identical Miami venue that hosted Plaintiff's previous Breezy Bowl on July 21, 2024.

 

**Irreparable Harm**

25.     The Trademark Modernization Act of 2020 restores a rebuttable presumption of irreparable harm upon a showing of likely confusion.

26.     Defendants' larger promotional footprint threatens to swamp Plaintiff's goodwill and cannot be fully remedied by monetary damages alone.

## CAUSES OF ACTION

### Count I
### Trademark Infringement, False Designation of Origin, and Unfair Competition
### 15 U.S.C. § 1125(a)

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28.     **Ownership and priority.** Breezy Swim owns protectable rights in the following:

(a)     the inherently distinctive "Breezy" mark for swimwear first used in U.S. commerce in June 2018;

(b)     the service mark "Breezy Bowl" for runway/fashion-show entertainment first used and ticketed in May 2023; and

(c)     the corresponding domain breezybowl.com and Instagram account @breezybowl, both secured prior to Defendants' usage of "Breezy Bowl," and used continuously to promote Plaintiff's events and merchandise.

29.     **Validity in commerce.** Breezy Swim continuously uses the marks on hang-tags, sewn-in labels, product packaging, event signage, and nationwide ticket sales.

30.     **Defendants' junior use in commerce.** Defendants began using "Breezy Bowl XX" and "Team Breezy" on the same goods (e.g., women's swimwear) and related entertainment services no earlier than mid-2024—*years* after Plaintiff's priority date.

31.     **Likelihood of confusion.**

(a)     **Similarity of marks:** the dominant term "Breezy" is identical; "Bowl/XX/Team" do not avoid confusion.

(b)  **Similarity of goods/services:** both parties sell bikinis, one-piece swimsuits, and ticketed fashion/entertainment events.

(c)  **Channels & customers:** both parties use nationwide e-commerce (e.g., Shopify, Ticketmaster) and social-media marketing.

(d)  **Strength of senior marks:** Plaintiff's marks have acquired secondary meaning through national press,[1] multi-state runway shows (i.e., Florida and Georgia), and millions of subscribers via influencer content.





(e)  **Actual confusion:** A routine Google search of "Breezy Bowl" displays Breezy Swim's 2023–2024 runway-shows directly beside Chris Brown's 2025 "Breezy Bowl" merchandise. Similarly, Google Images comingles Plaintiff's and Defendants' swimwear. Compounding the overlap, Brown's tour advertises its official "Breezy Bowl" after-party at LIV Nightclub—the identical Miami venue that hosted Plaintiff's previous

---

[1] e.g., Celebrities, *2021 Miami Swim Week*, USA Today (July 14, 2021, 12:22 a.m.) https://www.usatoday.com/picture-gallery/entertainment/celebrities/2021/07/14/ miami-swim-week-2021-runway-photos-saweetie/7960624002/)

Breezy Bowl on July 21, 2024. Customers have even asked if Chris Brown will attend Breezy Swimwear's "Breezy Bowl" event.

(f)     **Reverse confusion:** Defendants' later launch of the identical mark Breezy Bowl—amplified by Chris Brown's celebrity platform and Live Nation's nationwide promotion—threatens to flood the marketplace with junior-user publicity, causing consumers to believe Plaintiff's senior swimwear brand and runway event originate with, or are licensed by, Defendants and thereby eroding Breezy Swim's accumulated goodwill and brand identity.

32.     **Injury and irreparable harm.** Plaintiff faces diversion of sales, dilution of brand identity, possible loss of sponsorships.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in its favor on Count I and award the following relief:

(a)     Injunctive Relief**:** A preliminary and permanent injunction pursuant to 15 U.S.C. § 1116(a) enjoining Defendants, their officers, agents, servants, employees, affiliates, licensees, and all persons in active concert or participation with them from:

(i)     using the designations "Breezy," "Breezy Bowl," "Team Breezy," or any other mark, word, or phrase confusingly similar to Plaintiff's "Breezy" Marks in connection with the manufacture, advertising, promotion, sale, or distribution of swimwear, apparel, fashion-show services, or related goods and services; and

(ii)     continuing to market, display, or offer for sale any goods, tickets, promotional materials, websites, social-media posts, signage, labels, or packaging bearing such infringing designations.

(b)     Monetary Recovery**:** An award to Plaintiff of: Defendants' profits

attributable to the infringement, Plaintiff's actual damages, and treble damages or exemplary damages as permitted by 15 U.S.C. § 1117(a) and (b).

(c)      Destruction/Recall: An order directing Defendants to file with the Court, and serve on Plaintiff, a sworn statement identifying and confirming the destruction or recall of all infringing goods, advertisements, and related materials in their possession, custody, or control.

(d)      Further Relief: any further relief as the Court deems just and proper.

## COUNT II
## CONTRIBUTORY AND VICARIOUS TRADEMARK INFRINGEMENT
(Against Live Nation Entertainment, Inc. Merch Traffic, LLC, and Shopify Inc.)

33.      Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

34.      Live Nation, Merch Traffic, and Shopify Inc. knowingly supplied the means (e.g., ticketing platform, merchandising, tour promotion, fulfillment, etc.) by which Chris Brown's infringing "BREEZY BOWL" marks are sold and displayed.

35.      All three entities knew or should have known of Plaintiff's marks through due diligence (e.g., breezybowl.com domain, @breezybowl Instagram account, etc.).

36.      By materially participating in, controlling, and profiting from the infringing tour and merchandise, Live Nation and Merch Traffic are contributorily and vicariously liable.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants Live Nation Entertainment, Inc. and Merch Traffic, LLC, jointly and severally, and award the following relief:

(a)     Declaratory: A declaration that each is contributorily and vicariously liable for the infringement of Plaintiff's "Breezy" and "Breezy Bowl" marks as it pertains to women's swimwear.

(b)     Injunction: A preliminary and permanent injunction prohibiting Live Nation, Merch Traffic, and Shopify (and all persons acting in concert with them) from manufacturing, marketing, selling, ticketing, promoting, or otherwise facilitating goods or events bearing "Breezy," "Breezy Bowl," "Team Breezy," or any confusingly similar designation as it pertains to women's swimwear.

(c)     Accounting and Disgorgement: An equitable accounting of, and a monetary judgment for, all revenues and profits Defendants derived from the infringing conduct.

(d)     Damages: Plaintiff's actual damages, potentially trebled or otherwise enhanced under 15 U.S.C. § 1117(a).

(e)     Impoundment / Destruction: An order requiring Defendants to recall, impound, and destroy all infringing merchandise, marketing materials, and digital content within their possession, custody, or control.

(f)     Further Relief: Any further relief as the Court deems just and proper.

## COUNT III
## FLORIDA COMMON-LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

38.     **Plaintiff's Marks and Use:** Plaintiff is a Miami-based swimwear company that, since at least 2018, has continuously used the brand name "Breezy" (i.e., the "Breezy" mark) on its swimwear merchandise. In 2023, Plaintiff also launched a fashion event series

under the name "Breezy Bowl," using that mark to promote and host branded fashion/swimwear events. Through actual and continuous use in commerce, Plaintiff has acquired valid common-law rights in the "Breezy" and "Breezy Bowl" marks.

39. **Distinctiveness and Goodwill:** Through Breezy Swim's substantial, exclusive, and continuous use and promotion of the "Breezy" and "Breezy Bowl" Marks, those marks have become well-known among consumers and serve as distinctive identifiers of Plaintiff's goods and services. Plaintiff has invested significant time and resources in advertising and branding its Breezy swimwear line and Breezy Bowl events, cultivating strong consumer recognition and goodwill in the "Breezy" name. Indeed, since 2018, Breezy Swim has sold tens of thousands of swimwear items to customers across Florida, the United States, and internationally, cementing the reputation and public association of the Breezy Marks with Plaintiff's business.

40. The Breezy Marks are inherently distinctive as applied to Plaintiff's products and events or, alternatively, have acquired a secondary meaning in the marketplace through their extensive use and promotion, such that they are uniquely associated with Plaintiff as the source. The first use and "primacy" of Plaintiff's marks, coupled with their distinctiveness, establish the validity of Plaintiff's "Breezy" and "Breezy Bowl" Marks as protectable trademarks under Florida common law.

41. **Priority of Rights:** By virtue of its first adoption and continuous use of the Breezy Marks in commerce since 2018 (and since 2023 for Breezy Bowl), Plaintiff is the senior user and owner of common-law trademark rights in the "Breezy" and "Breezy Bowl" marks in Florida and the relevant trade areas. Plaintiff's trademark rights were established long before Defendants' acts of infringement complained of herein. Accordingly, Plaintiff

enjoys priority of use, and its rights in the "Breezy" and "Breezy Bowl" Marks are superior to any rights Defendants may claim.

42.     **Defendants' Unauthorized Use:** On information and belief, beginning in or around 2024, Defendants knowingly and without authorization adopted and began using "Breezy" as a trademark in commerce to advertise, offer, and sell swimwear and related apparel–goods that directly overlap with and compete with Plaintiff's Breezy-branded swimwear products. In addition, in 2024 or early 2025, Defendants launched an entertainment event or promotion under the name "BREEZY BOWL XX," identical to Plaintiff's event mark, in order to advertise and provide services in the fashion and swimwear industry. Defendants' use of the "Breezy" and "Breezy Bowl" names is unauthorized and done without Plaintiff's consent. Defendants have therefore commenced use of identical or confusingly similar marks to "Breezy" and "Breezy Bowl" on similar and directly competitive goods and services in the same trade area as Plaintiff.

43.     **Likelihood of Consumer Confusion:** Defendants' aforesaid use of Plaintiff's Breezy Marks (or colorable imitations thereof) in connection with competing swimwear goods and entertainment event services is highly likely to cause confusion, mistake, and deception among the consuming public. Consumers encountering Defendants' "Breezy"-branded swimwear or "Breezy Bowl" events are likely to believe, erroneously, that such products or events originate from Plaintiff, or that Defendants' business is in some way sponsored by, affiliated with, or connected to Plaintiff. Given that Defendants are using the *exact* same marks (i.e., "Breezy" and "Breezy Bowl") for overlapping goods and services in the same industry and geographic region as Plaintiff, consumer confusion is not only probable but inevitable if Defendants' conduct continues.

Such likelihood of confusion is the hallmark of trademark infringement and unfair competition under Florida law.

44.    **Irreparable Harm and No Adequate Remedy at Law:** Defendants' wrongful conduct has caused, and if not enjoined will continue to cause, substantial and irreparable harm to Plaintiff's business reputation and the goodwill symbolized by the "Breezy" and "Breezy Bowl" Marks. Plaintiff has no adequate remedy at law for Defendants' ongoing infringement, as the injury to Plaintiff's goodwill and customer goodwill cannot be fully measured or compensated in money damages.

45.    In trademark cases, it is well recognized that a plaintiff need not wait for actual damage to occur–the threat of future injury and consumer confusion is sufficient to warrant injunctive relief. Indeed, under the federal Lanham Act (which Florida courts follow), a rebuttable presumption of irreparable harm arises upon a finding of trademark infringement or likely confusion. Accordingly, to prevent further damage to Plaintiff, injunctive relief is appropriate in addition to an award of monetary damages and other available remedies.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in its favor on Count III and award the following relief:

(a)    Injunctive Relief: A preliminary and permanent injunction barring Defendants (and anyone acting in concert with them) from using "Breezy," "Breezy Bowl," or any confusingly similar mark on, or in the promotion of, swimwear goods or related services; and requiring Defendants to (i) scrub the infringing marks from all signage, packaging, websites, social media, and event materials, and (ii) surrender for destruction or disposal of every product or promotional item bearing the infringing marks.

(b)     Monetary Damages: An award, in an amount to be proved at trial, of all damages sustained by Plaintiff as a result of Defendants' infringement, and Defendants' profits attributable to the unlawful use of Plaintiff's marks, determined after an equitable accounting, so that Defendants are fully disgorged of their ill-gotten gains.

(c)     Further Relief: any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff Breezy Swimwear, Inc. demands trial by jury on all issues so triable.

Dated: July 30, 2025                    Respectfully submitted,

/s/ John Michael Hoover, Esq.
John Michael Hoover, Esq.
Florida Bar Number: 1042719
john@johnhooverlaw.com
The Law Office of John Hoover, P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 1820
Miami, FL 33131
Telephone No: (305) 632-3414

*Counsel for Plaintiff Breezy Swimwear, Inc.*