**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23420-BLOOM/Elfenbein**

BREEZY SWIMWEAR, INC.,

    Plaintiff,

v.

CHRISTOPHER MAURICE BROWN,
LIVE NATION ENTERTAINMENT, INC.,
MERCH TRAFFIC, LLC, and SHOPIFY, INC.,

    Defendants.

_____/

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF BREEZY SWIMWEAR, INC., AND MOTION TO EXTEND TIME TO EFFECT SERVICE

Undersigned counsel, The Law Office of John Hoover, P.A., respectfully moves, pursuant to Fed. R. Civ. P. 83(b), S.D. Fla. L.R. 11.1(d)(3)(A), and Rule 4-1.16, R. Reg. the Fla. Bar, for leave to withdraw as counsel of record for Plaintiff Breezy Swimwear, Inc. ("Breezy"), and states:

### I.   INTRODUCTION

1.    This motion is brought because professional considerations permit—and ethical obligations require—termination of the representation. Undersigned has provided advance notice to Breezy, advised of the need to obtain substitute counsel, identified upcoming deadlines, served Breezy with this motion, and will cooperate in an orderly transfer of the client file as required by Rule 4-1.16(d), R. Reg. the Fla. Bar. At present, no Defendant has appeared; no opposing counsel has been identified.

### II.   GROUNDS (GOOD CAUSE)

2.    A fundamental breakdown has occurred in the attorney–client relationship. In recent weeks, irreconcilable differences have arisen regarding the litigation strategy and conduct

of this matter, and actions by Breezy have placed undersigned in a position adverse to Breezy, creating a non-waivable conflict of interest within the meaning of Rule 4-1.7, R. Reg. the Fla. Bar. Continued representation has been rendered untenable and unreasonably difficult. *See* Rule 4-1.16(b)(2), (b)(4), and (b)(5), R. Reg. the Fla. Bar.

3.      In addition, Breezy has failed to fulfill material obligations to undersigned regarding the representation—specifically, reimbursement of outstanding case costs—despite prior notice. *See* Rule 4-1.16(b)(3), R. Reg. the Fla. Bar.

4.      Consistent with Rule 4-1.6, R. Reg. the Fla. Bar, undersigned refrains from further detail on the public docket but stands ready to provide additional information to the Court in camera or under seal if the Court deems it necessary to resolve this motion.

### III.   PROCEDURAL POSTURE & NOTICE

5.      **Service Status**. Undersigned has made diligent efforts to serve the named defendants; service has not yet been perfected on any Defendant. No Defendant has appeared or filed a responsive pleading.

6.      **Deadlines**. Undersigned has notified Breezy in writing of the current deadline to effect service under Fed. R. Civ. P. 4(m) (i.e., October 28, 2025), the Court's Order to file proof of service (ECF No. 6), and that a Joint Scheduling Report will be due within twenty-one days of any Defendant's appearance. Undersigned will take only protective steps pending the Court's ruling on this motion.

7.      **Corporate Party Must Obtain Counsel**. Breezy is a corporate entity and thus cannot appear pro se. It must be represented by counsel admitted to practice in this Court. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Undersigned has advised Breezy to retain substitute counsel promptly.

8.      **Client Contact Information**. In accordance with S.D. Fla. L.R. 11.1(d)(3)(A),

Breezy's last known contact information is:

Breezy Swimwear, Inc., c/o Kristopher Izquierdo

8762 SW 133rd Street

Miami, Florida 33176

(305) 763-9570

kris@breezyswimwear.com

### IV.   LOCAL RULE 7.1(a)(3) CERTIFICATION

9.      Undersigned is unable to confer with opposing counsel because no Defendant has

appeared and no attorney has filed a notice of appearance on behalf of any Defendant. Undersigned

does *not* request oral argument. *See* S.D. Fla. L.R. 7.1(b).

### V.   LEGAL STANDARD

10.      Under Fed. R. Civ. P. 83(b) and S.D. Fla. L.R. 11.1(d)(3)(A), counsel may

withdraw only with leave of Court after notice to the client (and opposing counsel, if any). Whether

to permit withdrawal lies within the Court's discretion, considering good cause and the orderly

administration of the case. *See, e.g., Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1521–22 (11th

Cir. 1983).

11.      The Southern District applies the Rules Regulating The Florida Bar; Rule 4-1.16,

R. Reg. the Fla. Bar authorizes withdrawal where the client fails to fulfill obligations to the lawyer

after warning; where the client insists upon actions the lawyer considers repugnant or imprudent;

where the representation is rendered unreasonably difficult by the client; or for other good cause.

Rule 4-1.16(d), R. Reg. the Fla. Bar requires reasonable protective steps, including notice, time to

obtain new counsel, and surrendering the client's papers.

## VI.   EXTENSION OF RULE 4(M) DEADLINE

12.   Plaintiff respectfully requests an extension of the Rule 4(m) service deadline from October 28, 2025 to December 29, 2025. Despite diligent, repeated attempts, service has not yet been perfected. Undersigned seeks to withdraw due to irreconcilable differences creating an ethical conflict, and Plaintiff—a corporate entity—will need time to retain substitute counsel. No Defendant has been served or appeared, so a brief extension will not prejudice any party; without one, the action risks dismissal under Rule 4(m) before new counsel can complete service.

## VII.   REQUESTED RELIEF

**WHEREFORE**, The Law Office of John Hoover, P.A., respectfully requests that the Court enter an Order for the following:

(1) granting this Motion;

(2) permitting undersigned to withdraw as counsel for Breezy Swimwear, Inc.;

(3) directing that all future filings be served on Breezy at the address listed above unless and until substitute counsel appears; and

(4) granting an extension of the Rule 4(m) service deadline until December 29, 2025, or such additional time as the Court deems appropriate, and

(5) such other and further relief as the Court deems just and proper (e.g., granting a brief extension to serve Defendants).

A proposed order is submitted concurrently. Undersigned will promptly serve any order granting this Motion on Breezy and will cooperate in transferring the file.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief

sought in the motion but has been unable to do so. The reasonable efforts made were specifically

as follows: multiple written correspondence(s) with Plaintiff Breezy Swimwear, Inc. No other

parties have appeared in this matter.

Dated: September 22, 2025        Respectfully submitted,

/s/ John Michael Hoover, Esq.
John Michael Hoover, Esq.
Florida Bar Number: 1042719
john@johnhooverlaw.com
The Law Office of John Hoover, P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 1820
Miami, FL 33131
Telephone No: (305) 632-3414

*Counsel for Plaintiff Breezy Swimwear, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2025, I electronically filed the foregoing

with the Court using the CM/ECF system. I also certify that a true and correct copy was served

on Plaintiff by e-mail at kris@breezyswimwear.com.

/s/ John Michael Hoover, Esq.
John Michael Hoover, Esq.
Florida Bar Number: 1042719
john@johnhooverlaw.com
The Law Office of John Hoover, P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 1820
Miami, FL 33131
Telephone No: (305) 632-3414

*Counsel for Plaintiff Breezy Swimwear, Inc.*