**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:25-cv-23420-BB**

BREEZY SWIMWEAR, INC.,

        Plaintiff,

   v.

CHRISTOPHER MAURICE BROWN,
LIVE NATION ENTERTAINMENT, INC.,
MERCH TRAFFIC LLC, and SHOPIFY INC.,

        Defendants.

_____/

**DEFENDANT MERCH TRAFFIC LLC'S AND LIVE NATION ENTERTAINMENT,
INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendants Merch Traffic LLC ("Merch Traffic") and Live Nation Entertainment, Inc.

("Live Nation" and, together with Merch Traffic, "Defendants") hereby submit their Answer and

Affirmative Defenses ("Answer").  This Answer responds to the allegations contained in the

amended complaint filed by plaintiff Breezy Swimwear, Inc. ("Plaintiff") on November 3, 2025

("Complaint").

**INTRODUCTION**

Plaintiff seeks to sue Live Nation (a global leader in live entertainment and concert

promotion) and Merch Traffic (a merchandise company that designs and distributes official artist

merchandise) for their respective involvement in promoting the musical artist, Chris Brown's

world tour, "Breezy Bowl XX."   The tour was named "Breezy Bowl XX" – not to capitalize on

the imagined success of Plaintiff's purported "female-empowerment focus empire" – but rather to

celebrate the twentieth anniversary of Brown's self-titled debut album.[1]

Brown has been internationally known as "Breezy" since the *2010* release of the song, "Ms. Breezy" (featuring Gucci Mane).[2]   That same year, Vibe Magazine coined Brown's loyal and rabid fan base "Team Breezy."   Over the past fifteen years, "Team Breezy" has received an album credit, social media shout-outs, been branded on official merchandise and been prominently affiliated with Brown. Plaintiff is well-aware of Brown's long-time use of "Breezy," as it uses Brown's music (without license) to promote their once-a-year swimwear "competition" in Miami, hypocritically courting the very affiliation of Brown with "Breezy" that its now complains of:



Plaintiff's self-described "female-empowerment focus empire," consists of a one-day, once-a-year swimwear competition known as "Breezy Bowl" that takes place in Miami, Florida, and features swimwear that is *not* sold under the "Breezy Bowl" brand name.  Plaintiff has never sold "Breezy Bowl" clothing or merchandise.  Plaintiff does *not* possess a federal trademark.

---

[1] Brown's tenth studio album is titled, "*Breezy*."

[2] Notably, in amending their complaint, Plaintiff deleted their prior admission that Brown's "nickname is 'Breezy'" (*see* D.E. 1, ¶ 6).

Notwithstanding this irrefutable reality, Plaintiff erroneously claims exclusive rights to the term, "Breezy Bowl" and seeks to recover exorbitant monetary damages from the sale of concert tickets and official tour merchandise that unmistakably features Chris Brown's name and likeness.  No reasonable consumer would believe that Chris Brown *a/k/a* Breezy's official "Breezy Bowl XX" merchandise or concert tickets come from or are affiliated with a Miami swimwear competition held once a year.

Plaintiff complains that the supposed affiliation – which it has actively endeavored to create – has damaged its brand.  Yet, social media posts and online threads reveal that Plaintiff has sullied its own reputation, charging models to participate in its swimwear competition, providing substandard swimwear, imposing unauthorized subscription fees, refusing to issue refunds, and being the frequent subject of Better Business Bureau complaints,[3] TikTok warnings and scam alerts.   Plaintiff similarly laments that it is being "overshadowed" by Brown.  Yet, it voluntarily exposed itself to such "dimming" when it elected to adopt the term "Breezy" in *2018*, eight years after Brown commenced use.

The indisputable reality is that Brown is the senior user of BREEZY-formative marks, and possesses superior rights in BREEZY-formative marks, including in connection with the goods and services alleged in the Complaint.  Consequently, neither he nor his authorized licensees have any liability for using the name that Brown endowed with commercial value.

## JURISDICTION AND VENUE

1.      Defendants do not dispute this Court's subject matter jurisdiction, but deny Defendants' liability.

---

[3] https://www.bbb.org/us/fl/miami/profile/swimwear/breezy-swimwear-inc-0633-90418759/complaints

2.      Defendants do not dispute this Court's supplemental jurisdiction, but deny Defendants' liability.

3.      Defendants do not dispute personal jurisdiction and venue in this District. Defendants admit that they have promoted, offered for sale, and sold products in Florida, but deny that any such products or acts give rise to liability as alleged in the Complaint.  Defendants further deny that a "substantial part" of the events alleged to give rise to Plaintiff's claims occurred within this district.  Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify Inc. ("Shopify") and Defendant Christopher Brown ("Chris Brown" or "Mr. Brown") in Paragraph 3, and on that basis, deny such allegations.  Defendants deny the remaining allegations in paragraph 3.

4.      Defendants lack knowledge or information sufficient to affirm or deny the allegations in Paragraph 4, and on that basis, deny all such allegations.

5.      Defendants deny the characterization of the term "Breezy Bowl XX" as the "Infringing Bowl Mark."  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 5, and on that basis, deny all such allegations.

6.      Defendants admit that Live Nation is a Delaware corporation with its principal place of business at 9348 Civic Center Drive, Beverly Hills, California, 90210.  Defendants admit that Live Nation is tour promoter and ticketing agent for the 2025 BREEZY BOWL XX world tour, and that it markets and sells tickets and VIP packages bearing the term BREEZY BOWL XX through, *inter alia*, Ticketmaster.  Defendants deny the characterization of the term "Breezy Bowl XX" as the "Infringing Bowl Mark."  Defendants admit that Live Nation transacts substantial business in Florida, as it does in every U.S. state, and in the Southern District of Florida, and do not dispute this Court's personal jurisdiction.  Defendants admit that Live Nation owns a majority

stake in LIV Miami Beach, located at 4441 Collins Ave., Miami Beach, FL 33140.  Defendants deny all remaining allegations in paragraph 3.

7.      Defendants admit that Merch Traffic is a Delaware limited-liability company whose principal place of business is at 430 W. 15th Street, 5th Floor, New York, NY 10011. Defendants admit that Merch Traffic designs, manufactures, markets, and distributes merchandise, but deny that it designs, manufactures, markets, or distributes merchandise bearing any "infringing marks," and Defendants further lack knowledge or information sufficient to affirm or deny, and therefore deny, the same on the grounds that Paragraph 7 does not specify the "marks" it refers to or identify the "'Breezy Bowl' swimwear and related apparel that give rise to this action." Defendants deny all remaining allegations in Paragraph 7.

8.      Defendants lack knowledge or information sufficient to affirm or deny the allegations in Paragraph 4, and on that basis, deny all such allegations, including because Defendants have no involvement with the website shopchrisbrown.store or the products offered for sale therein.

## STATEMENT OF FACTS

9.      Defendants deny that Plaintiff owns protectable trademark rights in a "Breezy Mark," defined as the terms "'Breezy' and 'Breezy Swim'," in connection with any goods or services Defendants are alleged to have offered in this action.  Defendants further deny that the images in Paragraph 9 and/or Exhibit 1 to the Complaint (Docket No. 26-1) provide evidence of or support for the allegations in Paragraph 9.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 9, and on that basis, deny all such allegations.

10.      Defendants deny that Plaintiff has developed "extensive goodwill and notoriety" in

any trademark alleged in this action, in connection with any goods or services Defendants are alleged to have offered in this action.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 10, and on that basis, deny all such allegations.

11.    Defendants lack knowledge or information sufficient to affirm or deny the allegation that Plaintiff has offered swimwear bearing the terms "Breezy," "Team Breezy," and "Breezy Bowl," and on that basis, deny all allegations in Paragraph 11.

12.    Defendants deny the characterization of any products or swimwear Merch Traffic has manufactured, created, or sold as "infringing."  Defendants further deny that they have manufactured, created, or sold products bearing the "Breezy Mark," which is defined in the Complaint to include both the terms "Breezy" and "Breezy Swim."  Defendants lack knowledge or information sufficient to affirm or deny whether Merch Traffic has manufactured, created, or sold any products bearing terms that are "confusingly similar" to terms used by Plaintiff, and on that basis, deny such allegations; however, Defendants reserve the right to seek discovery relevant to this allegation, and to the extent any such marks are "confusingly similar," Defendants deny that Plaintiff has superior rights in those marks.  Defendants deny all remaining allegations in Paragraph 12.

13.    Defendants lack knowledge or information sufficient to affirm or deny the allegations in Paragraph 13, and on that basis, deny all such allegations.

14.    Defendants deny that Exhibit 2 to the Complaint (Docket No. 26-2) provides evidence of or support for the allegations in Paragraph 14.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 14, and on that basis, deny all such allegations.

15.     Defendants admit that Live Nation has an ownership stake in Liv Nightclub in Miami, Florida.  Defendants deny that Exhibit 3 to the Complaint (Docket No. 26-3) provides evidence of or support for the allegations in Paragraph 15.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 15, and on that basis, deny all such allegations.

16.     Defendants lack knowledge or information sufficient to affirm or deny the allegations in Paragraph 16, and on that basis, deny all such allegations.

17.     Defendants admit that Chris Brown announced a forthcoming BREEZY BOWL XX world tour in March 2025.  Defendants admit that the first United States performance of the BREEZY BOWL XX tour took place in Miami, Florida on July 30, 2025, but deny any implied meaning or relevance attributed to that location in Paragraph 17.  Defendants further deny any implication in Paragraph 17 that the first performance of the BREEZY BOWL XX tour took place in Miami, Florida; rather, the first series of performances took place in Europe, beginning in Amsterdam.

18.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 18, and on that basis, deny all such allegations.  Defendants deny that they have offered "'Team Breezy Playmaker' bikinis," "'BREEZY BOWL PLAYBOOK' one-piece swimwear," or any swimwear bearing the BREEZY BOWL XX mark.  Defendants deny the characterization of the products alleged in Paragraph 18, but admit that Merch Traffic has offered a collection of products, not including swimwear, bearing the term BREEZY BOWL XX.  Defendants further deny that Exhibit 4 to the Complaint (Docket No. 26-4) provides evidence of or support for the allegations in Paragraph 18, and deny that either Defendant owns or operates the website shown in Exhibit 4.  Defendants deny all remaining

allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to affirm or deny the allegation that Plaintiff has used the trademark "Team Breezy."   Defendants further lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 19, and on that basis, deny all such allegations.

20.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 20, and on that basis, deny all such allegations.  Defendants deny that they have ever "publicly adopt[ed] the mark 'Breezy Bowl' in conjunction with either bathing suits, swimwear or live events."  Defendants deny all remaining allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 21, and on that basis, deny all such allegations.  Defendants deny that Merch Traffic has ever used the terms "Breezy" or "Breezy Bowl" for "live entertainment events," and deny that Live Nation has ever used the terms "Breezy" or "Breezy Bowl" for "women's swimwear."  Defendants admit that they have "never sought nor obtained permission from Plaintiff to use" the terms "Breezy" or "Breezy Bowl," and specifically deny that they had any obligation to do so in connection with any use they have made of those terms, and deny that Plaintiff would have had the authority to grant permission to use those terms in connection with "women's swimwear and live entertainment events."  Defendants lack knowledge or information sufficient to affirm or deny whether they have used any marks that are "confusingly similar" to terms used by Plaintiff, and on that basis, deny such allegations; however, Defendants reserve the right to seek discovery relevant to this allegation, and to the extent any such marks are "confusingly similar," Defendants deny that Plaintiff has superior rights in those

marks.  Defendants deny all remaining allegations in Paragraph 21.

22.    Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 22, and on that basis, deny all such allegations.  Defendants deny all allegations as to Defendants in Paragraph 22.

23.    Defendants deny that Live Nation either "knew or should have reasonably known of Plaintiff's use of the Breezy Mark and Breezy Bowl Mark on both swimwear and live entertainment events."  Defendants deny that Exhibit 5 to the Complaint (Docket No. 26-5) provides evidence of, or support for, the allegations in Paragraph 23.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 23, and on that basis, deny all such allegations.

24.    Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 24, and on that basis, deny all such allegations.  Defendants deny all allegations as to Defendants in Paragraph 24.

25.    Defendants deny that Plaintiff has "demonstrated its established use" of the terms "Breezy" and/or "Breezy Bowl," to the extent such language implies that Plaintiff's use has established trademark rights in those terms.  Defendants lack knowledge or information sufficient to affirm or deny any allegation in Paragraph 25 regarding or dependent upon the meaning of "the precise class of goods and services" referred to therein, because "the precise class of goods and services" is not specified, and on that basis, Defendants deny all such allegations.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 25, and on that basis, deny all such allegations.

26.    [No Paragraph 26 exists in the Complaint.]

27.    Defendants deny that a "simple Google search for 'Breezy Bowl' returns Plaintiff's

runway show and Brown's tour side-by-side," including because Google searches do not "return[]" results in a consistent manner, but vary across time, location, device, user, and other factors. Defendants lack knowledge or information sufficient to affirm or deny the authenticity of the image included in Paragraph 27. Defendants further deny that the Google search results alleged in Paragraph 27 "on its face demonstrates a strong likelihood of confusion." Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 27, and on that basis, deny all such allegations.

28.     Defendants lack knowledge or information sufficient to affirm or deny the allegations in Paragraph 28, and on that basis, deny all such allegations; however, Defendants reserve the right to seek discovery relevant to these allegations, and to the extent such allegations are true, Defendants deny the implication that such allegations would evidence or support Defendants' liability rather than Plaintiff's liability.

29.     Defendants deny that Defendants have made "intentional use of Plaintiff's trademark," deny that Plaintiff owns trademark rights in any mark alleged in the Complaint in connection with the goods or services Defendants are alleged to have offered in this action, and deny that Defendants have made "efforts to capitalize on Plaintiff's notoriety." Defendants lack knowledge or information sufficient to affirm or deny the allegation that "Plaintiff's notoriety" exists, including because Defendants were not aware of Plaintiff prior to the filing of this action, and on that basis, deny such allegation. Defendants admit that a BREEZY BOWL XX after-party was advertised as taking place at LIV Nightclub, and admit that Live Nation has an ownership stake in LIV Nightclub. Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 29, and on that basis, deny all such allegations.

30.     Defendants lack knowledge or information sufficient to affirm or deny the

allegations as to the relative sizes of the "promotional footprint[s]" among and between each of Defendants, Shopify, and Chris Brown, on the one hand, and Plaintiff, on the other, and on that basis, deny the allegation that each of Defendants', Shopify's, and Chris Brown's promotional footprints is larger than Plaintiff's; however, Defendants reserve the right to seek discovery relevant to these allegations, and to the extent such allegations are true, Defendants deny the implication that such allegations would evidence or support Defendants' liability rather than Plaintiff's liability.  Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 24, and on that basis, deny all such allegations.  Defendants admit that they are aware of "Plaintiff's claim to the trademark 'Breezy Bowl'," but specifically deny that Plaintiff's claim against Defendants is legitimate, and deny that Plaintiff owns trademark rights in or to the term "Breezy Bowl" that are superior to the rights of Defendants or their licensors in connection with the goods or services Defendants are alleged to have offered in this action.  Defendants deny that they have "directly ignored these requests," including because the phrase "directly ignored" is ambiguous, at best, and because there are no predicate alleged requests to which the phrase "these requests" refers.

## CAUSES OF ACTION

### COUNT I
### (False Designation of Origin and Unfair Competition)
### (15 U.S.C. § 1125(a))

32.     Defendants re-allege and incorporate their responses to paragraphs 1-31, as if fully set forth herein.

33.     Defendants lack knowledge or information sufficient to affirm or deny that Plaintiff has used the mark "Breezy" in the United States commerce beginning in June 2018, has used the

mark "Breezy" continuously since, and on that basis, deny such allegations. Defendants further deny that Plaintiff owns any trademark rights alleged in Paragraph 33 that are superior to the rights of Defendants or their licensors in connection with the goods or services Defendants are alleged to have offered in this action. Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 33, and on that basis, deny all such allegations. Defendants further notes that although Paragraph 32 "realleges and incorporates by reference paragraphs 1 through 31," in which the term "Breezy Mark" is defined as Plaintiff's "trademark 'Breezy' and 'Breezy Swim'," Paragraph 33 defines "Breezy Mark" as the "'Breezy' trademark for women's swimwear, beachwear and accessories," rendering each successive use of the term "Breezy Mark" in the Complaint vague and ambiguous.

34.    Defendants lack knowledge or information sufficient to affirm or deny all allegations regarding or dependent upon the meaning of the term "Breezy Mark," because the term is vague and ambiguous, and on that basis, deny all such allegations. Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 33, and on that basis, deny all such allegations.

35.    Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 35, and on that basis, deny all such allegations. Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Defendants in Paragraph 35, because the allegations refer to certain "identical goods and services," without specifying the goods and services to which the alleged goods and services are identical, and on that basis, Defendants deny all allegations related to or dependent upon the meaning of "the identical goods and services." Defendants further deny that Plaintiff holds prior rights in any mark used by Defendants, relative to the rights owned by Defendants or

their licensors. Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 35, and on that basis, deny all such allegations.

36.     Defendants admit or deny all allegations implicit in the phrase "Defendants' actions described above" in Paragraph 36, to the same extent and for the same reasons as Defendants have previously admitted or denied each such allegation.  Defendants deny that Defendants have taken any action that constitutes unfair competition, false advertising, and/or unfair deceptive trade practices, or otherwise violates 15 U.S.C. § 1125(a), as alleged in the Complaint.  Regarding the allegations in Paragraph 36 that confusion and/or mistake are likely and have already occurred, Defendants deny that those allegations, if true, would evidence or support Defendants' liability rather than Plaintiff's liability.  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 36, and on that basis, deny all such allegations.

37.     Defendants deny all allegations in Paragraph 37.

38.     Defendants deny all allegations in Paragraph 38.

39.     Defendants deny all allegations in Paragraph 39.

40.     Defendants deny that Defendants have taken any action "to unfairly compete, falsely designate the origin of its products or services, make false descriptions or representations, and use the Breezy Mark and Breezy Bowl Mark to cause confusion and/or mistake."  Defendants deny all remaining allegations in paragraph 40.

In response to the unnumbered "Wherefore" clause following paragraph 40, Defendants admit that Plaintiff seeks the relief requested therein, but deny that Plaintiff is entitled to any relief in this action. To the extent such allegations require a response, Defendants deny the same.

### COUNT II
#### (Contributory and Vicarious Unfair Competition)

41.     Defendants re-allege and incorporates their responses to paragraphs 1-31, as if fully

set forth herein.

42.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify in Paragraph 42, and on that basis, deny all such allegations.  Defendants deny that Defendants have supplied any means by which a "BREEZY BOWL" mark has been sold.  Defendants further deny the characterization of "Chris Brown's . . . 'BREEZY BOWL' marks" as "infringing."  Defendants deny all remaining allegations in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify in Paragraph 43, and on that basis, deny all such allegations.  Defendants deny all remaining allegations in Paragraph 43.

44.     Defendants deny the characterization of any tour or merchandise alleged in the Complaint as "infringing."  Defendants deny all remaining allegations in Paragraph 44.

In response to the unnumbered "Wherefore" clause following paragraph 44, Defendants admit that Plaintiff seeks the relief requested therein, but deny that Plaintiff is entitled to any relief in this action. To the extent such allegations require a response, Defendants deny the same.

**COUNT III**
**(Florida Common-Law Trademark Infringement and Unfair Competition**
**of Breezy Mark)**

45.     Defendants re-allege and incorporate their responses to paragraphs 1-31, as if fully set forth herein.

46.     Defendants deny that Plaintiff owns any trademark rights alleged in Paragraph 46 that are superior to the rights of Defendants or their licensors in connection with the goods or services Defendants are alleged to have offered in this action.  Defendants deny all remaining allegations in paragraph 46.

47.     Defendants lack knowledge or information sufficient to admit or deny the

allegations that Plaintiff has invested significant time and resources in advertising and branding its alleged swimwear and accessories line, and on that basis, deny such allegations. Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants deny the alleged "consumer's connection of the Breezy Mark with Plaintiff's swimwear brand and business," and the alleged "strength of its mark." Defendants further deny that Plaintiff owns any trademark rights alleged in Paragraph 48 that are superior to the rights of Defendant or their licensors in connection with the goods or services Defendants are alleged to have offered in this action. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 48, and on that basis, deny all such allegations.

49.     Defendants deny all allegations in Paragraph 49.

50.     Defendants deny all allegations in Paragraph 50.

51.     Defendants deny all allegations in Paragraph 51.

52.     Defendants deny all allegations in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 53, and on that basis, deny all such allegations. Defendants lack knowledge or information sufficient to affirm or deny the nature of Plaintiff's alleged "Breezy-branded swimwear products," if any, and whether Merch Traffic's alleged "swimwear and related apparel . . . directly overlap with and compete with" Plaintiff's alleged products, and on that basis, deny all such allegations; however, Defendants reserve the right to seek discovery relevant to these allegations, and to the extent such allegations are true, Defendants deny the implication that such allegations would evidence or support Defendants' liability rather than Plaintiff's liability. Defendants deny all remaining allegations in Paragraph

53.

54.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 54, and on that basis, deny all such allegations.  Defendants admit that they have never received authorization from Plaintiff or Plaintiff's consent in connection with their use of any mark alleged in the Complaint, and specifically deny that they had any obligation to do so in connection with any use they have made of those marks, and deny that Plaintiff would have had the authority to authorize or consent to use those terms in connection with any goods or services Defendants are alleged to have offered in the Complaint.  Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants deny the prior characterizations incorporated in the term "Defendants' aforesaid use" in Paragraph 55, to the same extent and for the same reasons as Defendant has previously admitted or denied each such allegation.  Defendants further deny that any alleged "confusion, mistake, and deception among the consuming public," if any, would be a result of "Defendants' conduct" rather than Plaintiff's conduct.  Defendants deny all remaining allegations in Paragraph 55.

56.     Defendants deny all allegations in Paragraph 56.

57.     Defendants lack knowledge or information sufficient to affirm or deny the allegations in the first sentence of Paragraph 57, including because Defendants lack knowledge or information sufficient to identify which marks are alleged to be "the *exact* same mark," or the nature of Plaintiff's alleged "goods and services," "industry" or "geographic region," and on that basis, deny all such allegations.  Defendants further deny that any alleged "consumer confusion," if "probable" or "inevitable," would be a result of "Defendants' conduct."  The second sentence in Paragraph 57 constitutes a conclusion of law for which no response is required, but to the extent a

response is required, Defendants lack knowledge or information sufficient to affirm or deny the allegations in the second sentence of Paragraph 57, and on that basis, deny all such allegations.

58.    Defendants deny the characterization of "Defendants' . . . conduct" as "wrongful." Defendants deny all remaining allegations in Paragraph 58.

59.    Defendants deny all allegations in Paragraph 59.

In response to the unnumbered "Wherefore" clause following paragraph 59, Defendants admit that Plaintiff seeks the relief requested therein, but deny that Plaintiff is entitled to any relief in this action. To the extent such allegations require a response, Defendants deny the same.

## COUNT IV
### (Florida Common-Law Trademark Infringement and Unfair Competition of Breezy Mark)

60.    Defendant re-alleges and incorporates their responses to paragraphs 1-31, as if fully set forth herein.

61.    Defendant notes that the meaning of the phrase "both the Breezy Bowl Mark" is unclear; nevertheless, Defendants deny that Plaintiff owns any trademark rights alleged in the Complaint that are superior to the rights of Defendant or their licensors in connection with the goods or services Defendants are alleged to have offered in this action.  Defendants deny all remaining allegations in paragraph 61.

62.    Defendant notes that the meaning of Paragraph 62 in unclear, particularly as it refers to "the Breezy Bowl Mark those marks"; nevertheless, Defendants deny all allegations in Paragraph 62.

63.    Defendants lack knowledge or information sufficient to affirm or deny the allegation that Plaintiff has invested significant time and resources in any advertising or branding for any goods or services, and on that basis, deny all such allegations.  Defendants deny the

remaining allegations in Paragraph 63.

64.     Defendants deny the alleged "consumer's connection of the Breezy Bowl Mark with Plaintiff's brand and business," and the alleged "strength of the mark."  Defendants lack knowledge or information sufficient to affirm or deny the remaining allegations in Paragraph 64, and on that basis, deny all such allegations.

65.     Defendants lack knowledge or information sufficient to affirm or deny the allegations in the first sentence of Paragraph 65, including because Defendants lack sufficient knowledge or information concerning Plaintiff's "services and events," and on that basis, deny all such allegations.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants deny all allegations in Paragraph 66.

67.     Defendants deny all allegations in Paragraph 67.

68.     Defendants deny the characterization of "Defendants' acts" as "infringement." Defendants deny all allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 53, and on that basis, deny all such allegations.  Defendants lack knowledge or information sufficient to affirm or deny the nature of Plaintiff's alleged "Breezy-branded swimwear products," if any, and whether Merch Traffic's alleged "swimwear and related apparel . . . directly overlap with and compete with" Plaintiff's alleged products, and on that basis, deny all such allegations.  Defendants deny the remaining allegations in Paragraph 69.

70.     Defendants lack knowledge or information sufficient to affirm or deny the alleged acts attributed to Shopify and Chris Brown in Paragraph 70, and on that basis, deny all such allegations.  Defendants admit that they have never received authorization from Plaintiff or

Plaintiff's consent in connection with their use of any mark alleged in the Complaint, and specifically deny that they had any obligation to do so in connection with any use they have made of those marks, and deny that Plaintiff would have had the authority to authorize or consent to use those terms in connection with any goods or services Defendants are alleged to have offered in the Complaint.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants deny the prior characterizations incorporated in the term "Defendants' aforesaid use" in Paragraph 71, to the same extent and for the same reasons as Defendant has previously admitted or denied each such allegation.  Defendants further deny that any alleged "confusion, mistake, and deception among the consuming public," if any, would be a result of "Defendants' conduct" rather than Plaintiff's conduct.  Defendants deny all remaining allegations in Paragraph 71.

72.     Defendants deny all allegations in Paragraph 72.

73.     Defendants lack knowledge or information sufficient to affirm or deny the allegations in the first sentence of Paragraph 73, including because Defendants lack knowledge or information sufficient to identify which marks are alleged to be "the *exact* same mark," or the nature of Plaintiff's alleged "goods and services," "industry" or "geographic region," and on that basis, deny all such allegations.  Defendants further deny that any alleged "consumer confusion," if "probable" or "inevitable," would be a result of "Defendants' conduct."  The second sentence in Paragraph 73 constitutes a conclusion of law for which no response is required, but to the extent a response is required, Defendants lack knowledge or information sufficient to affirm or deny the allegations in the second sentence of Paragraph 73, and on that basis, deny all such allegations.

74.     Defendants deny the characterization of "Defendants' . . . conduct" as "wrongful." Defendants deny all remaining allegations in Paragraph 74.

75.     Defendants deny all allegations in Paragraph 75.

In response to the unnumbered "Wherefore" clause following paragraph 75, Defendants admit that Plaintiff seeks the relief requested therein, but deny that Plaintiff is entitled to any relief in this action. To the extent such allegations require a response, Defendants deny the same.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that Defendants bear the burden of proof on any of the following issues as separate and independent defenses, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Priority)

Plaintiff's claims fail because Defendants or their licensors hold trademark rights in BREEZY-formative marks, including in connection with, *inter alia*, apparel and live entertainment events, which rights developed prior to Plaintiff's first use of any BREEZY-formative mark in connection with any goods or services.  To the extent a likelihood of confusion exists as to the parties' alleged mark, Plaintiff – not Defendants – would be liable for the claims included in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, as a matter of law of equity, by reason of unclean hands.  Upon information and belief, Plaintiff was aware or should have been aware of Chris Brown's use of "BREEZY" as a name under which he has performed for nearly two decades, prior to Plaintiff's use of any BREEZY-formative mark, and prior to Plaintiff's use of the mark BREEZY BOWL.  To the extent consumers believe that Mr. Brown is associated with Plaintiff's goods and services offered under a BREEZY-formative mark, such confusion is a direct result of

Plaintiff: (i) selecting and exploiting marks that wholly incorporate Mr. Brown's famous nickname, and (ii) making unauthorized use of Chris Brown's music in their social media posts. Further, to the extent Plaintiff held a Breezy Bowl event at LIV Nightclub, Defendants chose to select a venue where Mr. Brown *p/k/a* BREEZY had publicly appeared and/or performed multiple times prior to any such Breezy Bowl event.  Upon information and belief, it was Plaintiff's selection of LIV Nightclub, if true, that constituted an attempt to make an association with Mr. Brown, not vice versa.  Further, upon information and belief, Plaintiff has brought frivolous claims against all Defendants in an attempt to extort money and to increase Plaintiff's notoriety through press coverage, which coverage was only possible as a result of public interest in Mr. Brown as an artist and celebrity.

### THIRD AFFIRMATIVE DEFENSE
**(No Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any damages and has suffered no harm caused by Defendants.  Plaintiff has made no specific allegations as to the damage its business has allegedly incurred as a result of any past or ongoing acts by Defendants.  To the contrary, upon information and belief, any consumer confusion or mistake as to the association between Plaintiff and Mr. Brown would only benefit Plaintiff, and would, to the contrary, cause damage only to Defendants and/or their licensors.

### FOURTH AFFIRMATIVE DEFENSE
**(No Irreparable Injury)**

Some or all of the relief sought by Plaintiff is barred because Plaintiff has failed to establish irreparable injury.  Plaintiff has made no specific allegations as to the manner in which its business has allegedly been injured, or will be injured in the future, as a result of any past or ongoing acts by Defendants.  To the contrary, upon information and belief, any consumer confusion or mistake

as to the association between Plaintiff and Mr. Brown would only benefit Plaintiff, and would, to the contrary, injure only Defendants and/or their licensors.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches & Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and acquiescence.  Defendants and/or their licensors have famously used BREEZY-formative marks in connection with, *inter alia*, apparel and live entertainment events since *at least* Plaintiff's first use of any BREEZY-formative mark.  Plaintiff alleges first use of a BREEZY-formative mark in June 2018.  Plaintiff knew or should have known of Defendants' and/or their licensors' use of BREEZY-formative marks since at least as early as June 2018; and yet, Plaintiff did not challenge Defendants' and/or their licensors' use for more than seven years.

## JURY TRIAL DEMAND

Defendant Merch Traffic LLC and Live Nation Entertainment, Inc. respectfully demand a trial by jury on all claims and issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 17, 2025

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile: (786) 582-3004

By:   s/ *James G. Sammataro*
      James G. Sammataro
      Florida Bar No.: 520292
      jsammataro@pryorcashman.com
      ksuarez@pryorcashman.com
      *Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*s/ James G. Sammataro*
James G. Sammataro
