UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:25-cv-23420-BB

BREEZY SWIMWEAR, INC.

    Plaintiff,

v.

CHRISTOPHER MAURICE BROWN, LIVE NATION ENTERTAINMENT, INC., MERCH TRAFFIC, LLC, and SHOPIFY INC.

    Defendants.

## SHOPIFY INC.'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant Shopify Inc. ("Shopify") respectfully moves to dismiss the Amended Complaint of Plaintiff Breezy Swimwear, Inc. ("Breezy Swimwear") under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) because this Court lacks personal jurisdiction over Shopify and Breezy Swimwear has failed to state a claim against Shopify upon which relief can be granted. In support of this motion, Shopify states:

## MEMORANDUM OF LAW

**I.    Background.**

Plaintiff Breezy Swimwear's Amended Complaint alleges that it is the owner of several common law trademarks, including "Breezy" and "Breezy Bowl." (Dkt. 26 at ¶ 33). Breezy Swimwear further asserts that the four Defendants have infringed upon its marks through the use of "Breezy", "Breezy Bowl XX", and "Team Breezy" in conjunction with the sale of swimwear and related apparel by defendant Christopher Maurice Brown ("Chris Brown"). The Amended

Complaint alleges that Shopify "knowingly supplied the means . . . by which Chris Brown's infringing 'BREEZY BOWL' marks are sold and displayed." (Dkt. 26 at ¶ 42). The Amended Complaint also alleges that "Shopify operates the e-commerce platform and payment gateway that hosts and processes the *shopchrisbrown.store* site from which the infringing 'Breezy Bowl' swimwear and related merchandise is sold." (Dkt. 26 at ¶ 8).

Based on these allegations, Breezy Swimwear asserts four claims against Shopify: False Designation of Origin and Unfair Competition in violation of the Lanham Act, 15 U.S.C. 1125(a) (Count I); "Contributory and Vicarious Unfair Competition" (Count II), and Florida Common-Law Trademark Infringement and Unfair Competition of Breezy Mark (Counts III and IV).

Breezy Swimwear's Amended Complaint against Shopify must be dismissed pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over Shopify. In addition, the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) for failing to state a claim against Shopify upon which relief can be granted. The Amended Complaint lacks sufficient factual allegations to state a claim for direct trademark infringement or unfair competition under the Lanham Act or Florida common law. Likewise, Breezy Swimwear has failed to adequately allege a claim for "Contributory and Vicarious Unfair Competition." Therefore, Shopify respectfully requests that the Court dismiss the Amended Complaint in its entirety.

## II.     Standard for a Motion to Dismiss.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires the plaintiff to allege enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. Meeting that standard requires "more than a sheer possibility that a defendant has acted unlawfully," and requires "more than labels and conclusions . . . [or a] formulaic recitation of the elements of a cause of action." *Id.*; *Twombly*, 550 U.S. at 555.  A complaint that does "not permit the court to infer more than the mere possibility of misconduct" falls short of showing that the plaintiff is entitled to relief.  *Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1226 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679). *See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.").

## ARGUMENT

### III.     The Court Lacks Personal Jurisdiction over Shopify.

Breezy Swimwear has failed to plead sufficient facts for this Court to exercise personal jurisdiction over Shopify.  The Eleventh Circuit has firmly established that "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  "Vague and conclusory allegations do not satisfy this burden."  *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018).

To establish a prima facie case of personal jurisdiction over Shopify, Breezy Swimwear must satisfy a two-part test.[1]  *See, e.g., Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996); *Cable/Home Comm. Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th

---

[1] "A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

Cir. 1990). First, Breezy Swimwear must allege sufficient facts within the Amended Complaint to satisfy the requirements of Florida's long-arm statute, § 48.193, Fla. Stat. *See Sculptchair*, 94 F.3d at 626-27; *Cable/Home Comm. Corp*, 902 F.2d at 855. The Eleventh Circuit mandates that "Florida's long-arm statute must be strictly construed." *Sculptchair*, 94 F.3d at 627. Breezy Swimwear "bears the burden of pleading facts sufficient to satisfy Florida's long-arm statute." *Id.* at 1119 (internal citations omitted).

Second, if the requirements of Florida's long-arm statute are met, then Breezy Swimwear must demonstrate Shopify has sufficient minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment and that the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Sculptchair*, 94 F.3d at 627. However, if a plaintiff fails to meet its burden of demonstrating that the requirements of Florida's long-arm statute are met, the Due Process analysis is irrelevant. *See Frenchak v. Zormati*, 572 F.Supp.3d 1284, 1295 (S.D. Fla. 2021). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Because Breezy Swimwear has not met its burden of establishing personal jurisdiction over Shopify under Florida's long-arm statue, the Amended Complaint must be dismissed.

**A.      Florida's Long-Arm Statute Does Not Confer Personal Jurisdiction Over Shopify.**

Breezy Swimwear's Amended Complaint fails to satisfy any provision of Florida's long-arm statute. The Amended Complaint alleges that Shopify is subject to personal jurisdiction in Florida because Shopify "deliberately and purposefully directs and transacts substantial business

4

in the State of Florida." (Dkt. 26 at ¶ 8).[2] Breezy Swimwear does not identify which provision of Florida's long-arm statute it claims confers personal jurisdiction over Shopify. Rather it appears that it is attempting to establish that Shopify is subject to general personal jurisdiction under § 48.193(2) or specific personal jurisdiction under § 48.193(1)(a)(1). In truth, the Amended Complaint fails to establish personal jurisdiction of any type over Shopify.

### (1) Shopify is not subject to general personal jurisdiction under § 48.193(2).

Section 48.193(2), Fla. Stat., provides that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." To find a corporation, such as Shopify, subject to general personal jurisdiction in Florida, the defendant's "affiliations with the State [must be] so 'continuous and systematic as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG*, 134 S.Ct. at 760 (internal citations omitted).

Shopify, a Canadian corporation with a principal place of business in Ottawa, Ontario, is not "at home" in Florida. Exhibit A, Declaration of Amanda Gailling-Striukas, at ¶ 2. Further,

---

[2] Although the Amended Complaint also alleges that the personal jurisdiction is proper in Florida because "Defendants have promoted, offered for sale, and sold the accused product in Florida, [and] the Defendants also deliberately targeted consumers within the State of Florida, specifically in Miami-Dade County." (Dkt. 26 at ¶ 3). However, it is unclear which of these allegations relates to which Defendant, and these collective allegations are insufficient to establish personal jurisdiction over individual defendants. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's conduct with the forum State must be assessed individually").

Shopify has not engaged in any "continuous and systematic" activity in Florida to render it essentially "at home" here. Shopify does not have an office or any employees in Florida. *Id*. at ¶¶ 4, 6. Shopify is not registered to do business in Florida and does not have a registered agent for service of process in Florida. *Id*. at ¶ 4. Shopify does not pay corporate level income tax in Florida. *Id*. at ¶ 7. Shopify also does not own, use, possess or hold any interest in real property situated in Florida. *Id*. at ¶ 5. Further, Shopify is a service provider offering tools to enable merchants to launch their own e-commerce websites. Shopify itself does not offer for sale, sell, or ship the merchants' products in Florida or anywhere else. *Id.* at ¶¶ 3, 8, 10. Breezy Swimwear has failed to allege any grounds establishing that Shopify is "essentially at home" in Florida. Accordingly, Shopify is not subject to general personal jurisdiction in Florida.

**(2)     Shopify is not subject to specific personal jurisdiction under § 48.193(1)(a)(1).**

The Amended Complaint also fails to allege sufficient facts establishing that Shopify is subject to specific personal jurisdiction under § 48.193(1)(a)(1) of Florida's long-arm statute. Section § 48.193(1)(a)(1) authorizes jurisdiction over a person when a cause of action arises from "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Unlike general jurisdiction, specific personal jurisdiction authorizes jurisdiction only over causes of action "arising from" a defendant's conduct in Florida. *Id.*

The Amended Complaint does not contain any factual allegations establishing that Shopify was operating a business or business venture in the state. Breezy Swimwear's conclusory allegation that Shopify "deliberately and purposefully directs and transacts substantial business in the State of Florida" (Dkt. 26 at ¶ 8) does not satisfy its burden to establish that the long-arm statute

applies. *See World Media Alliance Label, Inc. v. Believe SAS*, No. 24-12079, 2025 WL 2102017, *2 (11th Cir. July 28, 2025) (citing *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th Cir. 2006)).

Moreover, the Amended Complaint does not contain sufficient factual allegations establishing that Breezy Swimwear's cause of action arose out of Shopify's operating a business in Florida.  The Amended Complaint alleges that Shopify "knowingly supplied the means . . . by which Chris Brown's infringing 'BREEZY BOWL' marks are sold and displayed" (Dkt. 26 at ¶ 42) by operating "the e-commerce platform and payment gateway that hosts and processes the *shopchrisbrown.store* site." (Dkt. 26 at ¶ 8).  However, there is no allegation that any of this activity occurred in Florida.  To the contrary, the Amended Complaint alleges that Shopify is a Canadian corporation located in Ottawa, Ontario and that Chris Brown is a resident of California.[3] (Dkt. 26 at ¶¶ 5,8).  The Amended Complaint's failure to allege sufficient facts establishing that Breezy Swimwear's arose out Shopify's activity in Florida is fatal to a claim of jurisdiction under § 48.193(1)(a)(1).

Because Shopify is not subject to personal jurisdiction in Florida, this Court must dismiss this case under Fed. R. Civ. P. 12(b)(2).  *Verizon Trademark Servs., LLC v. Producers, Inc*., 810 F.Supp.2d 1321, 1323-24 (M.D. Fla. 2011) ("A court must dismiss an action against a defendant over which it has no personal jurisdiction."); *Kika M2M LLC v. Pittman*, No. 17-60283-CIV-DIMITROULEAS, 2017 WL 7732872, *2 (S.D. Fla. Sept. 5, 2017) (same).

---

[3] Likewise, the Amended Complaint alleges that Defendant Live Nation Entertainment, Inc. is a Delaware corporation with its principal place of business in California and that Defendant Merch Traffic, LLC is a Delaware limited-liability company with a principal place of business in New York. (Dkt. 26 at ¶¶ 6-7.).

7

**IV.     The Amended Complaint Fails to State a Valid Claim Against Shopify.**

**A.     Shopify Is Not Liable for Direct Infringement or Unfair Competition Under the Lanham Act or Florida Common Law Because It Did Not Use Breezy Swimwear's Marks in Commerce.**

Breezy Swimwear's three federal and common law direct trademark infringement and unfair competition claims fail because they do not allege that Shopify used Breezy Swimwear's alleged marks in commerce. Breezy Swimwear's claims alleging false designation of origin and unfair competition in violation of the Lanham Act (Count I) and common-law trademark infringement and unfair competition under Florida common law (Counts II and III) are all evaluated under the same analysis. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012); *see also ABS-CBN Corp. v. abscbnpinoy.com*, No. 19-cv-62693, 2020 WL 419392, *4 (S.D. Fla. Jan. 27. 2020); (analysis of liability for Florida common law trademark infringement and unfair competition is the same as the analysis for liability for trademark infringement and false designation under the Lanham Act); *Edge Systems LLC v. Aguila*, 186 F.Supp.3d 1330, 1359 (S.D. Fla. 2016) ("The legal standards for Florida statutory and common law claims of trademark infringement and unfair competition are the same as those for federal claims of trademark infringement and unfair competition.").

To prevail on a direct infringement claim under the Lanham Act or Florida common law, Breezy Swimwear must show "(1) that it has trademark rights in the mark or name at issue" and "(2) that the defendant adopted a mark or name that was the same, or confusingly similar to [Breezy Swimwear's] mark, such that there was a likelihood of confusion for consumers as to the proper origin of the goods created by the defendant's use of [Breezy Swimwear's] name in his trade*.*" *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, 710 F.Supp.3d 1200, 1222 (S.D. Fla. 2024) (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984)). An essential element

of a direct infringement claim is that the alleged infringer used a mark "in commerce." *See Abritron Austria GmbH v. Hetronic Int'l, Inc.,* 600 U.S. 412, 423 (2023). The Lanham Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade" when "placed in any manner on the goods . . . and the goods are sold or transported in commerce." 15 U.S.C. § 1127. "The central inquiry under § 1125 is 'whether the defendant is passing off his goods or services as those of the plaintiff by virtue of substantial similarity between the two, leading to confusion on the part of potential customers." *Duro Beam, LLC v. Manning*, No. 24-CV-81550-WPD/BER, 2025 WL 2416413, *3 (S.D. Fla. Aug. 21, 2025) (quoting *Monsanto Co. v. Campuzano*, 206 F.Supp.2d 1252, 1265 (S.D. Fla.), *modified in other part,* 206 F.Supp.2d 1270 (S.D. Fla. 2002)); *see also Custom Mfg. & Eng'g, Inc. v. Midway Servs. Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (false designation of origin claim is meant to prohibit "passing off" which "occurs when a producer misrepresents his own goods or services as someone else's.") (internal quotation omitted).

Breezy Swimwear's direct trademark infringement and unfair competition claims fail to allege facts establishing that Shopify used Breezy Swimwear's alleged marks in commerce. Put another way, Breezy Swimwear does not allege a single instance of Shopify using Breezy Swimwear's alleged marks to promote its own goods or services. There are no allegations that Shopify: (1) used Breezy Swimwear's alleged marks in its own advertising or emails, (2) manufactured the swimwear in question, (3) placed Breezy Swimwear's alleged marks on any accused product or (4) used Breezy Swimwear's alleged marks into commerce. Simply put, Shopify itself does not offer for sale, sell, or ship merchants' products (such as swimwear) to consumers. *See* Exh. A at ¶¶ 3, 8, 10. Rather, customers purchase products directly from the merchants. *Id.*

The Amended Complaint's conclusory allegation that: "Defendants knowingly and without authorization adopted and began using [Breezy/Breezy Bowl] as a trademark in commerce to advertise, offer and sell swimwear and related apparel-goods . . ." (Dkt. 26 at ¶¶ 53,69) fails to adequately plead a claim for direct infringement.[4]  Likewise, Breezy Swimwear's allegation that "Shopify operates the e-commerce platform and payment gateway that hosts and processes the *shopchrisbrown.store* site from which the infringing 'Breezy Bowl' swimwear and related merchandise is sold" (Dkt. 26 at ¶ 8) does not state a claim for direct infringement.  "Under a theory of direct liability, 'the alleged infringer must directly use the trademarks; a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Ligeri v. Amazon.com Services LLC*, No. 2:25-cv-00764-JHC, 2025 WL 2161497, *9 (W.D. Wash. July 30, 2025) (quoting *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F.Supp.3d 1089, 1101 (N.D. Cal. 2021), *aff'd in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023)); *see also KAWS, Inc. v. Printify Inc.*, No. 23-cv-24063, 2024 WL 3916493, *4 (S.D. Fla. Aug. 23, 2024) (third-party vendors are not liable for direct infringement because they do not hold "goods out to be their own.") (internal citations omitted).

---

[4] The Amended Complaint is a quintessential example of a "shotgun pleading" because all the allegations are made against one group of "Defendants" without specifying which allegation applies to which individual defendant. This "shotgun pleading" makes it unfeasible for Shopify and the other individual Defendants to be placed on notice as to their alleged misconduct, or to meaningfully respond to the complaint.  Such allegations fail to satisfy Rule 8. *See LaCroix v. Western Dist. of Kentucky*, 627 F. App'x. 816, 818 (11th Cir. 2015) (complaint violates Rule 8(a)(2) when "it is virtually impossible to know which allegations of fact are intended to support which claim for relief."); *Echevarria v. Delray Beach Police Dept.,* No. 24-CV-81011-DAMIAN/MATTHEWMAN, 2024 WL 5375137, *3 (S.D. Fla. Dec. 26, 2024) (dismissing shotgun complaint for failing to identify which allegations or claims apply to each defendant).

Breezy Swimwear's allegations are also contrary to established precedent holding that e-commerce platforms and web hosting providers are not liable for direct trademark infringement and unfair competition committed by merchants. *See, e.g., Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 446 (6th Cir. 2021) (citing *Tiffany (NJ) Inc. v. eBay Inc.,* 600 F.3d 493, 103, 109 (2d Cir. 2010)) ("online marketplaces, like eBay and Amazon, that facilitate sales for independent vendors generally escape Lanham Act liability."); *easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV, 2021 WL 11960978, *3-4 (S.D. Fla. Mar. 24, 2021) (travel website's use of allegedly infringing marks in conveying information and directing users to other vendor sites did not constitute use or adoption of the infringing marks in commerce); *Evans v. Workin Stiffs, Inc.*, No. 15-61934-CIV, 2016 WL 8793339, *6 (S.D. Fla. Mar. 21, 2016) (plaintiff failed to state a claim for direct trademark infringement or unfair competition based on allegations that Amazon, Macy's and Nordstrom's listed an infringing product on their websites).

Accordingly, Breezy Swimwear has failed to adequately allege facts establishing a valid claim of direct infringement or unfair competition against Shopify, and Counts I, III and IV should be dismissed. *See Black Diamond Land Mgmt. LLC v. Twin Pines Coal Inc.,* 707 F. App'x 576, 579-80 (11th Cir. 2017) (upholding dismissal of complaint "devoid of any allegations that Defendants made unauthorized use" of trademark); *Duro Beam,* 2025 WL 2416413 at *5-6 (dismissing direct infringement claim against defendant who was only alleged to have "facilitated" infringing behavior because allegations did not establish "use in commerce"); *Rodriguez v. Redbubble, Inc.*, No. 21-cv-2973 (VSB), 2023 WL 6294180, *4 (S.D.N.Y. Sept. 27, 2023) (dismissing complaint against Shopify and other online vendors where plaintiff did "not even alleged that Shopify used the mark."); *Lilly v. Santander Consumer USA Inc.*, No. 19-61069, 2020 WL 10181739, *3-4 (S.D. Fla. Aug. 25, 2020) (dismissing direct infringement claims for failure

11

to allege that defendant used the mark in connection with the sale or advertisement of its own marketing materials).

>    B.   **Breezy Swimwear has Failed to Allege a Claim for Contributory or Vicarious Infringement.**

The Amended Complaint also fails to state a valid claim for contributory or vicarious trademark infringement. Count II of the Amended Complaint purports to assert a claim for "Contributory and Vicarious Unfair Competition." (Dkt. 26 at pp. 10-11).[5] Contributory infringement and vicarious unfair competition are two separate claims, each with different elements. Accordingly, they have been improperly joined in Count II.[6]

To the extent Breezy Swimwear is attempting to assert a claim for contributory trademark infringement, such a claim has two elements: "(1) a person or entity commits direct trademark infringement under the Lanham Act; and (2) the defendant (a) 'intentionally induces' the direct infringer to commit infringement, (b) supplies a 'product' to the direct infringer whom it 'knows' is directly infringing (actual knowledge) or (c) supplies a 'product' to the direct infringer whom it 'has reason to know' is directly infringing (constructive knowledge)." *Luxottica Group, S.p.A. v. Airport Mini Mall*, 932 F.3d 1303, 1312 (11th Cir. 2019). "[A]ny liability for contributory infringement will necessarily depend upon whether or not the contributing party intended to

---

[5] Shopify was unable to locate a case recognizing a claim for "Contributory and Vicarious Unfair Competition."

[6] Furthermore, although it is also unclear whether Breezy Swimwear is asserting claims for either cause of action under the Lanham Act or Florida common law, the analysis for claims under both sources of law is the same. *See, e,g. Suntree Techs*, 693 F.3d 1338 at 1346*; ABS-CBS Corp*., 2020 WL 419392 at *4.

participate in the infringement or actually knew about the infringing activities." *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir. 1992).

In order to state a claim for contributory infringement, Breezy Swimwear must allege facts giving rise to a reasonable inference that Shopify (a) intentionally induced Chris Brown to commit trademark infringement or (b) supplied a product to Chris Brown knowing or with "reason to know" that Brown was committing direct trademark infringement. The Amended Complaint alleges that Shopify "knowingly supplied the means . . . by which Chris Brown's infringing 'BREEZY BOWL' marks are sold and displayed." (Dkt. 26 at ¶ 42). The Amended Complaint also alleges that "Shopify operates the e-commerce platform and payment gateway that hosts and processes the *shopchrisbrown.store* site from which the infringing 'Breezy Bowl' swimwear and related merchandise is sold." (Dkt. 26 at ¶ 8). Breezy Swimwear then concludes that Shopify "knew or should have known of Plaintiff's marks through due diligence (e.g. breezybowl.com domain, @breezybowl Instagram account, etc.)." (Dkt. 26 at ¶¶ 42-43).

But Breezy Swimwear has failed to allege any facts demonstrating that Shopify had actual or constructive knowledge that (1) Breezy Swimwear had an enforceable common law trademark,[7] or (2) that Chris Brown was infringing upon Breezy Swimwear's alleged trademarks. Breezy Swimwear's allegations regarding Shopify's knowledge of Brown's infringing activities are simply a "formulaic recitation of the elements" of a claim for contributory infringement and

---

[7] It is worth noting that none of the exhibits attached to the Amended Complaint show any TM symbol next to the marks in question. Nor are there any disclaimers in which Breezy Swimwear claimed ownership of the marks. Breezy Swimwear failed to put the world on notice that it claimed trademark rights in the terms "Breezy" and "Breezy Bowl", and even if one were to have seen the exhibits attached to the Amended Complaint, no one would understand Breezy Swimwear had enforceable rights in those marks.

therefore fail to satisfy Rule 8. *Iqbal,* 556 U.S. at 678.; *Twombly*, 550 U.S. at 555; *see also Duro Beam,* 2025 WL 2416413 at *1 ("Nor can a claim rest on 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Iqbal*, 556 U.S. at 678).

Breezy Swimwear's assertion that Shopify "should have known of Plaintiff's marks through due diligence," apparently by searching the internet and social media accounts (e.g. breezybowl.com domain, @breezybowl Instagram account, etc.) (Dkt. 26 at ¶¶ 42-43), is contrary to established precedent holding that there is "no affirmative duty to take precautions against" the sale of infringing products. *See, e.g. Luxottica*, 932 F.3d. at 1314 (quoting *Hard Rock Cafe Licensing v. Concession Services*, 955 F.2d 1143, 1149 (7th Cir. 1992)). Moreover, "[i]n internet cases, the knowledge needed to establish contributory liability must be specific or particularized; generalized knowledge that a site or service could be used for infringing activity is insufficient." *KAWS, Inc.*, 2024 WL 3916493 at *5 (quoting *Evans*, 2016 WL 8793339 at *7); *see also Y.Y.G.M. Sa v. Redbubble, Inc*., 75 F.4th 995, 1002 (9th Cir. 2023) ("willful blindness for contributory trademark liability requires defendant to have specific knowledge of infringers or instances of infringement.").

The Amended Complaint is also lacking in factual allegations establishing that, even if Shopify had conducted the suggested due diligence, Shopify would have been able to discern that Breezy Swimwear owned an enforceable trademark. For example, a review of a website or Instagram page would not demonstrate when Breezy Swimwear first used the mark in commerce or that it was the first party to use the mark. *See FN Herstal SA v. Clyde Armory Inc*., 838 F.3d 1071, 1080-81 (11th Cir. 2016) ("Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other uses.") (quoting *Hana Financial, Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015)).

14

Breezy Swimwear's allegations that Shopify should have known that Breezy Swimwear owned an enforceable trademark are further undermined by the fact that one of the allegedly infringing marks was publicly registered to another entity. Specifically, the Amended Complaint alleges that the Defendants' use of the mark "Team Breezy" infringes upon Breezy Swimwear's alleged trademarks "Breezy" and "Breezy Bowl." (Dkt. 26 at ¶¶ 33-35). However, the mark "Team Breezy" is a trademark publicly registered by "The Joyce Hawkins Company, LLC" years before Breezy Swimwear alleges it began using its mark. *See* Exhibit B, Trademark Status & Document Retrieval for trademark "TEAM BREEZY."[8] Specifically, "Team Breezy" was publicly registered on November 11, 2014 - four years before Breezy Swimwear alleges it began using the term "Breezy" in 2018, and nine years before it allegedly began using the term "Breezy Bowl" in 2023. (Dkt. 26 at ¶ 33). Not only does the prior registration of "Team Breezy" by another entity call into doubt the validity of Breezy Swimwear's alleged marks, but it also demonstrates that Shopify had no way of discerning whether Breezy Swimwear's alleged marks were enforceable or whether it was Breezy Swimwear who was actually infringing upon the "Team Breezy" mark.

There are no allegations in the Amended Complaint, nor could there be, that Shopify intentionally induced Chris Brown to commit infringement, that Shopify supplied the accused products to Chris Brown, or that Shopify knew or should have known that the accused products were infringing enforceable trademarks belonging to Breezy Swimwear. The claim for contributory infringement must be dismissed.

---

[8] The "Team Breezy" trademark was cancelled by The U.S. Patent and Trademark Office on May 23, 2025, because the registrant failed to file a required declaration. *See* Exh. B at p. 1. On August 10, 2025, the registrant filed a petition seeking to undo the cancellation. *Id.* at p. 2. That petition remains pending.

Finally, to the extent Count II of the Amended Complaint is asserting a claim for vicarious trademark infringement, Breezy Swimwear again fails to adequately state a claim upon which relief may be granted. To establish vicarious liability, Breezy Swimwear must allege sufficient facts establishing that Shopify and one of the other Defendants "have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." Coach Inc. v. Swap Shop, Inc., 916 F.Supp.2d 1271, 1279 (S.D. Fla. 2012) (quoting *Rosetta Stone Ltd. v. Google, Inc*., 676 F.3d 144, 165 (4th Cir. 2012)). The Amended Complaint is completely devoid of any allegations regarding a partnership, the authority to bind one another with third party transactions, or the exercise of joint control over the infringing products. Accordingly, Count II must be dismissed.

## CONCLUSION

For the foregoing reasons, Shopify requests this Court grant its Motion to Dismiss the Amended Complaint.

Dated: December 3, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *Nathan M. Berman*
　　　　　　　　　　　　　　　　　　　Nathan M. Berman
　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0329230
　　　　　　　　　　　　　　　　　　　nberman@zuckerman.com
　　　　　　　　　　　　　　　　　　　Zuckerman Spaeder LLP
　　　　　　　　　　　　　　　　　　　101 E. Kennedy Blvd., Suite 1200
　　　　　　　　　　　　　　　　　　　Tampa, FL 33602
　　　　　　　　　　　　　　　　　　　Tel: (813) 221-1010

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Shopify Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

/s/ *Nathan M. Berman*
Nathan M. Berman